UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV244-EHJ

PATRICIA G. LOFTON                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Patricia Lofton seeks Disability Insurance and Supplemental Security Income benefits which were denied by the Commissioner.  The matter was referred to United States Magistrate Judge W. David King, who recommends that the Decision of the Commissioner be upheld.  This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Report and Recommendation of the Magistrate Judge should be adopted and the Decision of the Commissioner should be affirmed.

Ms. Lofton claims that she became disabled as a result of stress, nerves, inability to deal with people, back condition and fibroids (Tr. 77).  Administrative Law Judge Thomas Bryan ("ALJ") found that Ms. Lofton suffers from severe impairments including a mild affective disorder and borderline intellectual functioning, but that the impairments do not meet or medically equal listed impairments (Tr. 35).  The claimant was found capable of performing work at all exertional levels with some mentally relevant limitations, including restriction to routine, simple types of jobs which do not require interaction with the public.  In making his residual functional capacity findings, the ALJ also noted that she has limited reading and math abilities (Tr. 36).

The plaintiff has filed objections to the Magistrate's Report, arguing that 1) the ALJ's Decision was based upon insufficient evidence as no vocational expert testified and because the

previous determinations had found plaintiff was precluded from her past work; and 2) Listing 12.05C was met and mandates a finding of disability.

The plaintiff's first argument assumes that the ALJ was bound to call a vocational expert to determine whether she was capable of returning to her previous work as a cook in a fast food restaurant.  In support of this argument, she cites to the prior determinations which found her to be precluded from her previous work.  However, the ALJ was not bound by those prior determinations. Additionally, she notes that her prior work as a cook at Sonic involved special accommodations for her inability to read.  The ALJ restricted plaintiff to routine, simple work involving limited reading and math, and found that her previous work at Sonic *as she actually performed it* would not be precluded since she had performed that job by simply listening to the orders and not reading them. Plaintiff also argues that the DOT listing for the job as it is generally performed in the national economy would preclude her from returning.  However, the ALJ was free to rely upon the testimony of plaintiff herself to determine the conditions under which she performed her previous work, and vocational testimony on this issue was not required.  Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997).  As the ALJ's finding is consistent both with SSR 82-61 and with her self-reported reason for leaving that job being physical complaints and not intellectual limitations, the Court declines to accept this argument.  And as the plaintiff initially worked at the Sonic job for over two years, the Court rejects plaintiff's argument that the job does not have vocational relevance.

Secondly, plaintiff argues that Listing 12.05C for mental retardation is met, and she is entitled to disability benefits.  Plaintiff does not dispute that she has no IQ records which would indicate deficits in her adaptive functioning prior to age 22.  Instead, she relies upon the fact that she was enrolled in special education courses to meet this requirement contained in the introductory

paragraph to Listing 12.05C.  Even assuming that to be the case, the bigger hurdle for plaintiff is the ALJ's analysis of the current IQ score within the context of other factors.  The regulations themselves note that IQ test results are only part of the overall assessment, and that the report accompanying the test results should address whether the IQ scores are valid and consistent with the development history and degree of functional limitation.  Dr. Bruce Amble's report which accompanied the IQ results inconsistently characterizes them as indicative of low-normal intelligence to borderline intelligence, but later denotes a diagnosis of mild mental retardation.  The ALJ properly considered plaintiff's work history, activities of daily living, ability to live independently, and the opinions of the state agency psychological consultants in determining that the IQ score is not a valid indicator of mental retardation.

After reviewing the record and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned.  The Court adopts the Magistrate Judge's proposed Report and Recommendation in its entirety.  A Judgment in conformity has this day entered.